IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| DON DAVID HILTON, | ) Case No. 05-53796 |
| | ) |
| Debtor. | ) |
| | ) |

## MEMORANDUM OPINION

This matter came before the Court for hearing on December 28, 2005 and January 3, 2006 upon the Motion by Kristin A. Hardy (the "Creditor") for relief from stay to proceed with a state court action pending in Davidson County District Court (the "Motion for Relief"). At the hearings on the matter, David H. Idol represented the above-referenced debtor (the "Debtor") and Robert E. Price, Jr. represented the Creditor.

Based upon the evidence presented, the arguments of the attorneys at the hearing, and a review of the entire official file, this Court finds that relief from stay should be granted in part and denied in part.

### FACTS

1. The Debtor and Creditor are divorced. A divorce judgment was entered in Davidson County, North Carolina on January 6, 2003 (the "Divorce Judgment"). The Divorce Judgment incorporated by reference the Separation Agreement entered by the parties.

2. A domestic proceeding is currently pending in state court in Davidson County regarding disputes between the Debtor and Creditor. Specifically, an Order to Appear and Show Cause for Failure to Comply with Court Order is pending for the Debtor's alleged failure to comply with the Divorce Judgment (the "Show Cause Order").

3. The Debtor filed this Chapter 7 proceeding on October 14, 2005.

4. The Creditor filed the Motion for Relief on November 23, 2005. In the Motion for Relief, the Creditor seeks relief from stay to (1) seek a modification of the divorce agreement in state court and (2) to request that the state court (a) force the Debtor to comply with the Show Cause Order, (b) hold the Debtor in contempt, and/or (c) require the Debtor to pay money to purge the contempt.

## ANALYSIS

In order to determine whether the automatic stay should be lifted to allow the Creditor to proceed in state court, the bankruptcy court must determine whether what is being litigated in state court is a matter that falls under Section 523(a)(5) of the Bankruptcy Code (alimony, maintenance, or support) or under Section 523(a)(15) (property settlement).

If the debt is alimony, maintenance, or support, pursuant to Section 362(b)(2)(B), then the automatic stay does not apply to the collection of such obligations that are not property of the bankruptcy estate, and the Creditor may proceed in state court. The Separation Agreement between the parties does not require the Debtor to pay child support, alimony, or any other type of non-dischargeable debt falling under Section 523(a)(5). Since the Separation Agreement does not require the Debtor to pay any such debt to the Creditor, there is no need to lift the automatic stay to proceed in state court.

The Separation Agreement requires the Debtor to pay certain joint debts as part of a property settlement. If a debt is part of a property settlement pursuant to Section 523(a)(15), the bankruptcy court must determine whether the particular debt is dischargeable. In order to determine the dischargeability of a Section 523(a)(15) debt, an adversary proceeding must be

brought in the bankruptcy court.  See <u>In re Diaz</u>, Case No. 03-14091, slip op. at 4 (Stocks, J. February 9, 2004).  Since the dischargeability of the property settlement debt must be determined in the bankruptcy court and no such determination has yet been made, the Creditor is not entitled to relief from stay to pursue collection of such indebtedness.

The contempt motion pending in state court arises out of the Debtor's failure to comply with the terms of the Separation Agreement regarding the property settlement.  Since the dischargeability of the property settlement has not been determined, the Creditor is not entitled to relief from stay to pursue the contempt motion in state court.

Relief from stay is granted for the purpose of allowing the Creditor to seek a modification of the Divorce Judgment in state court.

This opinion constitutes the Court's findings of fact and conclusions of law.  A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| DON DAVID HILTON, ) | Case No. 05-53796 |
| ) | |
| Debtor. ) | |
| _____) | |

PARTIES IN INTEREST

Don David Hilton

David H. Idol, Esquire

Robert E. Price, Jr., Esquire

Kristin A. Hardy